# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHAD BENNER,** | : | **CIVIL NO. 1:16-CV-2045** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT SMITH,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |

## **MEMORANDUM**

Petitioner Chad Benner ("Benner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence imposed in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1). By memorandum and order dated May 6, 2019, the court denied the habeas petition. (See Docs. 15, 16).

On June 12, 2019, Benner sent a letter to the court stating that he filed a notice of appeal from the May 6, 2019 order denying the habeas petition. (Doc. 17). The court never received Benner's notice of appeal. On June 26, 2019, Benner filed a motion for leave to appeal *nunc pro tunc* wherein he requests that the court deem his appeal timely filed. (Doc. 18). He also filed a request for leave to proceed *in forma pauperis* on appeal. (Doc. 19). For the reasons that follow, the court will deny Benner's motions.

I.  **<u>Discussion</u>**

   A.  **Leave to appeal *nunc pro tunc***

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within thirty days of entry of the judgment or order from which the appeal is being taken. <u>See</u> FED. R.APP. P. 4(a)(1)(A). Pursuant to Rule 4(a)(5), the district court may grant an extension of time in which to file a notice of appeal when the party seeking such an extension moves within sixty days of entry of the underlying judgment or order and makes a showing of excusable neglect or good cause. <u>See</u> FED. R.APP. P. 4(a)(5). Under Rule 4(a)(6), the district court may reopen the time in which to file an appeal only if, *inter alia*, the moving party did not receive notice of entry of the judgment or order from which he seeks to appeal. <u>See</u> FED. R.APP. P. 4(a)(6).

On June 12, 2019, Benner sent a letter to the court stating that he filed a notice of appeal from the May 6, 2019 order denying the habeas petition. (Doc. 17). On June 24, 2019, Benner filed a motion with the court and again asserted that he timely submitted a notice of appeal. (Doc. 18). The court never received Benner's notice of appeal. Benner has not provided any evidence that he allegedly submitted a notice of appeal to this court or to the Third Circuit Court of Appeals. (<u>See</u> Third Circuit Court of Appeals, electronic docket, https://jenie.ao.dcn/ca3-ecf/). Moreover, Benner did not request an extension of time to file a notice of appeal and there is no indication that he failed to receive notice of the court's May 6, 2019 order. <u>See</u> FED. R.APP. P. 4(a)(5), (a)(6).

Benner's bald assertion that he timely filed a notice of appeal from the court's May 6, 2019 order does not, without more, demonstrate that he did. The court will deny Benner's motion for leave to appeal *nunc pro tunc*.

**B.    Leave to proceed *in forma pauperis* on appeal**

A party seeking leave to proceed *in forma pauperis* on appeal from a district court order must file a motion with the district court pursuant to Federal Rule of Appellate Procedure 24. That Rule provides, in relevant part, as follows:

> (a) Leave to Proceed in Forma Pauperis.
>
> (1) Motion in the District Court. Except as stated in Rule 24(a)(3)[1], a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.

FED. R.APP. P. 24(a)(1). Federal Rule of Appellate Procedure 24 requires Benner to file, in connection with his motion to proceed *in forma pauperis*, an affidavit with respect to his financial status, his entitlement to redress on appeal, and the issues he intends to present on appeal. See id. Benner has not filed any of the requisite

---

[1] Federal Rule of Appellate Procedure 24(a)(3) allows a party who was permitted to proceed *in forma pauperis* at the district court level to proceed on appeal in forma pauperis unless the district court certifies that an appeal is not taken in good faith or finds that a party is not otherwise entitled to proceed *in forma pauperis*, or a statute provides otherwise. FED. R. APP. P. 24(a)(3).

information. Because Benner has failed to meet the requirements of Federal Rule of Appellate Procedure 24(a)(1) in seeking leave to proceed *in forma pauperis* on appeal, the court must deny his motion.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: July 8, 2019